# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Patrick's Restaurant, LLC, a Minnesota limited liability company, | Case No. 18-cv-764 (ECT/KMM) |
| Plaintiff, | |
| v. | **ORDER** |
| Sujit Kumar Singh, | |
| Defendant. | |

The plaintiff, Patrick's Restaurant, LLC ("Patrick's Restaurant") filed a complaint for breach of contract against the defendant, Sujit Kumar Singh, in March 2018. (Compl., ECF No. 1.) Mr. Singh has not yet been served because he is a resident of Mumbai, India. (ECF No. 10 at 1.) Although Patrick's Restaurant has attempted to serve Mr. Singh via the process set forth in the Hague Convention, service has not yet been completed. (*Id.*) Patrick's Restaurant brought a motion for alternative service under Rule 4 of the Federal Rules of Civil Procedure seeking to serve Mr. Singh by an alternate means. Because of the continuing significant delay in service, the Court grants that motion.

1. **Factual Background**

The litigation underlying this motion is a straightforward breach of contract action. Patrick's Restaurant alleges that Mr. Singh agreed to make a significant capital contribution to it in exchange for a membership interest in the business. (Compl. ¶ 5.) Mr. Singh allegedly refused to make the payment. (Compl. ¶ 10; *see generally* Decl. of Patrick Bernet, Exs. A–G.)

Patrick's Restaurant first attempted to solve the dispute without resorting to litigation by having its attorney, Edward Sheu, contact Mr. Singh directly via both email and Fed-Ex. (Decl. of Edward Sheu, Exs. A–B.) Unfortunately, Patrick's

Restaurant received no response, and filed this lawsuit on March 20, 2018. In addition to sending Mr. Singh the summons and complaint via Fed-Ex, Mr. Sheu also emailed Mr. Singh the documents. (Sheu Decl. Ex. C.) Six days after filing suit, Mr. Scheu received a voice mail from Mr. John Kvinge, who informed him that his law firm was in the process of being retained by Mr. Singh regarding this lawsuit. (Sheu Decl. Ex. D.) Mr. Kvinge emailed Mr. Sheu on April 23, 2018, indicating that Mr. Singh was aware of the lawsuit, had received the summons and complaint, and was represented by counsel. (Sheu Decl. Ex. G.) However, Mr. Singh elected not to waive service of process. (*Id.*)

While these communications between Mr. Sheu and Mr. Kvinge were ongoing, Mr. Sheu began the process for service through the Hague Convention. (Sheu Decl. ¶ 6.) Although Mr. Sheu initiated the procedure on March 29, 2018, as of the date of this order, Mr. Singh has still not been served, almost seven months later. Despite this, Mr. Singh is clearly aware of the lawsuit and has been all along. He has retained counsel, who has been in contact with Mr. Sheu, and who even appeared before this Court for the hearing on this motion. Against this specific factual backdrop, the Court believes that alternative service is appropriate.

2. **Analysis**

Federal Rule of Civil Procedure 4(f) provides that an individual in a foreign country may be served via "any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1). Individuals in a foreign country may also be served "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Because the Court finds that service by email is not prohibited by international agreement, it will permit Mr. Singh to be served by email.

As an initial matter, the Court determines that Patrick's Restaurant is not required to exhaust the Hague Convention procedures before pursuing service via an alternative means as permitted in Rule 4(f)(3). The plain language of the Rule clearly delineates only two requirements for service: (1) the means is ordered by the court; and (2) the means is not prohibited by international agreement. Exhaustion is not required. *See, e.g.*, *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) ("[W]e are left with the inevitable conclusion that service of process under Rule

4(f)(3) is neither a 'last resort' nor 'extraordinary relief.'" (citation omitted)); *see also Lexmark Intern. V. Ink Tech. Printer Supplies, LLC*, 295 F.R.D. 259, 260 (S.D. Ohio 2013) (collecting cases).  Mr. Singh's reliance on *Water Splash Inc. v. Menon*, 137 S.Ct. 1504, 1507 (2017) to support an exhaustion requirement is unavailing.  *Water Splash* does not address the question of whether Rule 4(f) requires exhaustion of Hague Convention procedures; rather, the "pre-emption" language cited by Mr. Singh is non-authoritative dicta which stems from an earlier Supreme Court case that held that "[b]y virtue of the Supremacy Clause, U.S. Const., Art. VI, the Convention pre-empts inconsistent methods of service prescribed by state law." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988).  No method of service prescribed by state law is at issue here—only another viable method of service permitted by the Federal Rules of Civil Procedure.

Even were exhaustion required, it is clear that the Hague Convention procedures are not mandatory when service through a country's Central Authority has failed.  *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 301 (2d Cir. 2005) (noting that the Hague Convention "does not prescribe the procedure for the forum Court to follow should an element of the procedure fail."); *Gurung v. Malhotra*, 279 F.R.D. 215, 218 (S.D.N.Y. 2011) (same).  This conclusion is bolstered by the Advisory Committee Notes to the 1993 Amendment of Rule 4 ("1993 Advisory Notes"), which state that circumstances which "justify the use of additional methods include the failure of the foreign country's Central Authority to effect service within the six-month period provided by the Convention."  1993 Advisory Notes, subd. (f).  It has been seven months since Patrick's Restaurant began the service process through the Convention, but Mr. Singh remains unserved.  It is fair to say that at this point in the case, some element of the Hague Convention process has failed.  Against this legal and factual landscape, it is clear that service via Rule 4(f)(3) is appropriate here.

The Court also determines that service via email is not prohibited by Article X of the Hague Convention or other international agreement. Article X states:

> Provided the State of destination does not object, the present Convention shall not interfere with—(a) the freedom to send judicial documents, by postal channels, directly to persons abroad; (b) the freedom of judicial officers, officials, or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials, or other competent persons of the State of

destination; (c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials, or other competent persons of the State of destination.

*Id.* India has objected to Article X, *Gurung*, 279 F.R.D. at 217, meaning that service via postal channels or through Mr. Singh's attorney is not appropriate under Rule 4(f)(3). However, service via email is not contemplated by Article X, and has not been otherwise prohibited by international agreement. *See, e.g.*, *Gurung*, 279 F.R.D. at 220 (permitting service by email to a defendant located in India and noting "objection to service through postal channels does not amount to an express rejection of service via electronic mail"); *Prediction Co. LLA v. Rajgarhia*, No. 9-cv-7459 (SAS), 2010 WL 1050307 (S.D.N.Y. Mar. 22, 2010) (permitting service by email to a defendant located in India); *see also Rio Properties.*, 284 F.3d at 1017 (finding service by email proper and "the method of service most likely to reach [the Defendant]"); *Codigo Music, LLC v. Televisa S.A. de C.V.*, No. 15-cv-21737, 2017 WL 4346968 at *10 n.6 (S.D. Fla. Sept. 29, 2017) (collecting cases).

The Court concludes that service by email is appropriate and likely to be the best method of effectuating service of process against Mr. Singh. It has been seven months since Patrick's Restaurant attempted to serve Mr. Singh via the procedures outlined in the Hague Convention, but Mr. Singh remains unserved. Despite this, he is clearly aware of the action against him, as evidenced by his ability to hire a local attorney to defend him against this motion. The Court will authorize Patrick's Restaurant to serve Mr. Singh via email so that this litigation may begin to proceed.

**IT IS HEREBY ORDERED THAT:**

1. Plaintiff Patrick's Restaurant's Motion for Alternative Service (ECF No. 5) is GRANTED. Plaintiff is authorized to serve Mr. Singh with the Summons and Complaint via email.

Date: October 26, 2018                    *s/ Katherine Menendez*
                                          Katherine Menendez
                                          United States Magistrate Judge